NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$30,367.00 IN U.S. CURRENCY,<br><br>        Defendant. | No. 2:20-CV-07570<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[DEA] |

    Plaintiff United States of America brings this claim against defendant $30,367.00 in U.S. Currency, and alleges as follows:

JURISDICTION AND VENUE

    1.   This is an <u>in rem</u> civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

    2.   This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $30,367.00 in U.S. Currency (the "defendant currency") seized by law enforcement officers from Demetrius Jones ("Jones") on February 12, 2020, at the Los Angeles International Airport, One World Way, Los Angeles, California 90045.

6. The defendant currency is currently in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Jones may be adversely affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

8. On February 12, 2020, Drug Enforcement Administration ("DEA") Los Angeles International Airport ("LAX") Group 3[1] officers received information that Jones was traveling on American Airlines flight number 2737 from Atlanta, Georgia[2] to Los Angeles, California.

9. Officers learned that Jones had an extensive criminal history related to controlled substance offenses and that law enforcement officers had previously seized suspected narcotics proceeds from Jones.

---

[1] DEA Group 3 is a task force comprised of DEA special agents, Los Angeles County Sheriff Department deputies and detectives, Los Angeles Police Department officers and Los Angeles Airport officers (collectively referred to herein as "officers").

[2] Atlanta, Georgia is a known consumer city for narcotics and Los Angeles is a known source city where narcotics can be purchased.

2

10. When Jones arrived in Los Angeles, officers initiated a consensual encounter with him in the baggage claim area to further investigate the purpose of his travel.

Initial Encounter of Jones

11. Officers approached Jones after Jones claimed his luggage at the baggage claim area. Officers approached Jones, told Jones that he was not under arrest, but that the officers wished to ask Jones some security questions about Jones' travel from Atlanta to Los Angeles. Jones agreed to answer questions. Officers asked to see Jones' identification, and noticed that Jones' hands trembled as Jones handed the identification to the officers.

12. Jones told officers that he traveled to Los Angeles to visit family members. However, Jones was unable to provide any contact information for family members and could not state what part of Los Angeles the relatives lived in.

13. Officers asked Jones whether he was carrying any contraband or currency. Jones said that he had a couple of thousand dollars in his wallet. Officers inquired as to any currency in Jones' luggage, and Jones stated that he did not believe that there was any currency in the luggage. Jones consented to an initial search of his luggage.

14. In response to their inquiry, Jones told officers that he had packed his own luggage. As an officer started to search Jones' suitcase, Jones stated that there was money inside a shoe in the suitcase. Upon examining a shoe, an officer found a bundle of currency secreted under the insole of the shoe. Jones then revised the earlier statement, and stated that he had packed everything in the suitcase except the shoes. Jones appeared to become increasingly nervous, with rapid speech and noticeably trembling hands. Officers

1 asked Jones how much money was in the suitcase, and Jones stated that
2 there was $10,000.
3     15. Continuing their search, officers found a second shoe with
4 currency also secreted under the insole. Officers again asked Jones
5 how much currency he was carrying, and Jones stated that he had
6 $15,000 to $20,000.

7 Office Interview of Jones

8     16.  Jones agreed to accompany the officers to the DEA airport
9 office.  While walking to the DEA office, officers observed Jones
10 remove a bundle of currency from his pants pocket and place it in the
11 rear of this pants.
12     17.  At the office, Jones removed a bundle of currency from his
13 pants pocket and another bundle from the crotch area of his pants.
14     18.  During the search of Jones' suitcase, officers discovered
15 bundles of U.S. Currency hidden inside two shoes.  Two bundles were
16 incrementally wrapped with a rubber band and appeared to be
17 equivalent in quantity and denomination.  A third bundle consisted of
18 hundred-dollar bills and the bundle was wrapped with a bank band.
19 Upon closer examination, it appeared the bank band had been reused
20 since there was a small piece of clear tape holding the bank band in
21 place.
22     19. Jones told officers that the round trip ticket was purchased
23 one day prior to traveling and the return to Atlanta was scheduled in
24 two days.
25     20. Jones recanted the initial statement (in Los Angeles to
26 visit family) by telling officers that Jones was in Los Angeles to
27 pay a music artist for a video shoot.  Jones said he was supposed to
28 pay an artist $12,000.00 to $13,000.00.  Jones stated that Jones was

the owner of a music production company called "Unos." Jones was unable to provide any information that would corroborate this claim. This is significant because narcotics currency couriers frequently concoct false explanations as to why they are in possession of currency. When questioned closely about their explanations, narcotics currency couriers are unable to provide details or specifics that would support their explanation.

21. Jones told officers that the manager of Unos, Jemien Watley, provided $7,000.00 to $8,000.00 to Jones the evening prior to supplement the $12,000.00 to $13,000.00 to pay an artist.

22. Jones told Detective Regan that Jones has owned Unos for ten years. Officers conducted an internet search for Unos but could not find any listing for the business.

23. Jones then told officers that the money in his possession was Jones' life savings. Jones said he pawned a watch the day prior for $25,000.00. Jones described the watch as an "AP" watch, rose gold and white gold worth $45,000 to $50,000.

24. Jones gave officers permission to review text messages on two cellular telephones in his possession. They identified one message that appeared to relate to sales of marijuana. Jones told officers that he was engaged in the sale of marijuana. Jones stated that he sells quarter ounce to one ounce quantities of marijuana.

25. Officers placed the currency in a DEA evidence bag and called for a narcotics detection canine to come to the office. Los Angeles Police Department Officer B. Coffey brought his trained narcotics detection canine, Zuke, to the DEA office to conduct the sniff test. The trained narcotics detection canine alerted to the

odor of narcotics emanating from the currency, indicating that the currency had recently been in the presence of narcotics.

26. The defendant currency was in denominations consistent with drug trafficking and consisted of 2 one dollar bills, 5 five dollar bills, 5 ten dollar bills, 212 twenty dollar bills, 11 fifty dollar bills, and 255 one hundred dollar bills.

27. As noted above, a trained, state-certified narcotic detection canine named Zuke conducted a sniff test of the currency in Jones' possession. Zuke was first certified as a narcotics detection canine on April 30, 2019, and was most recently certified on September 13, 2019. Zuke alerts to the odor of cocaine, heroin and methamphetamine. Zuke does not alert to currency itself but instead to the presence of controlled substances on the currency. Zuke has received over 175 hours of training and has successfully located over 750 training aids that included actual narcotics.

28. Jones has an extensive history of narcotics offense, including convictions for drug possession in 1997, 1999, 2000, 2001, 2002, 2003, 2011, and 2017.

CLAIM FOR RELIEF

29. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

1     (b)   that due notice be given to all interested parties to
2 appear and show cause why forfeiture should not be decreed;
3     (c)   that this Court decree forfeiture of the defendant currency
4 to the United States of America for disposition according to law; and
5     (d)   for such other and further relief as this Court may deem
6 just and proper, together with the costs and disbursements of this
7 action.

DATED: August 20, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Division

   /s/ *Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

VERIFICATION

I, Roland Spears, hereby declare that:

1. I am a Task Force Officer with the U.S. Drug Enforcement Administration.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed **AUGUST 19**, 2020 in Los Angeles, California.

ROLAND SPEARS
Task Force Officer
U.S. Drug Enforcement Administration

8